UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
|    RUSSELL W. FRENCH | § | CASE NO. 05-93655-H5-11 |
|              DEBTOR | § | |

### RUSSELL W. FRENCH'S PLAN OF LIQUIDATION

Russell W. French (the "Debtor"), proposes the following plan of liquidation (the "Plan") pursuant to the provisions of Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 1101 *et seq.*:

## I.
## Definitions

The following terms, when used in the Plan, shall unless the context otherwise requires, have the following meanings, respectively:

**1.01  Administrative Expense or Administrative Claim:**  an Allowed Claim for which a Claimant asserts and is determined to be entitled to priority pursuant to Sections 503(b) and 507(a)(1) of the Bankruptcy Code.

**1.02  Allowed Amount:**  the amount of any Allowed Claim.

**1.03  Allowed:**  when used in connection with a Claim against or an Interest in a Debtor, such Claim or Interest is Allowed only if proof of such Claim or Interest was filed on or before the last date designated by the Bankruptcy Court as the last date for filing proofs of Claim or Interest or such other applicable date as ordered by the Bankruptcy Court or permitted by the Bankruptcy Rules, or, if no proof of Claim or Interest is filed, such Claim or Interest has been or hereafter is listed by the Debtor as liquidated in amount and not disputed or contingent and no objection to the allowance of such Claim or Interest has been interposed, or if such Claim or Interest has been allowed in whole or in part by a Final Order.  Unless otherwise specified in this Plan, "Allowed Claim" shall not, for the purpose of computation of Distributions under this Plan, include post-petition interest on the amount of such Claim or attorneys fees incurred in connection with such Claim.

**1.04  Bankruptcy Code:**  the United States Bankruptcy Code, as contained in Title 11 U.S.C. §101 *et seq,* and amendments thereto.

1

**1.05     Bankruptcy Court:**  the United States Bankruptcy Court for the Southern District of Texas, Houston Division.

**1.06     Bar Date:**  the deadline previously established by the Court, after which any proof of claim filed will have no effect on this Plan and no right to participate with other creditors under the Plan.  Pursuant to the Notice of Meeting of Creditors promulgated by the Court, the bar date occurs 90 days after the first date set for the meeting of creditors.

**1.07     Chapter 5 Causes of Action:**  those causes of action arising under Chapter 5 of the United States Bankruptcy Code, entitled "Creditors, Debtor, and the Estate."  Such actions include but are not limited to actions to avoid claims, preferential transfers, and fraudulent transfers.

**1.08     Claim:** a right to payment from the Debtor's Estate, which is evidenced by a timely filed Proof of Claim which is allowed by the Court, or if a Proof of Claim is not filed by the creditor, a right which otherwise appears in the Debtor's bankruptcy schedules and (i) is not listed as disputed, contingent or unliquidated and not subject to an Objection by the Debtor, or (ii) has not been resolved by Final Order of the Court in this bankruptcy case.

**1.09     Claimant:**  the holder of a Claim.

**1.10     Class:**  any class into which Claims are classified pursuant to Section II.

**1.11     Confirmation:** the entry by the Bankruptcy Court of an order confirming the Plan in accordance with Chapter 11 provisions of the Bankruptcy Code.

**1.12     Confirmation Hearing:**  the date set by the Court pursuant to §1128 of the Bankruptcy Code for hearing on confirming the Plan on which the Court determines that the Plan meets the requirements of Chapter 11 of the Bankruptcy Code and is entitled to confirmation.

**1.13     Confirmation Order:** the order of the Bankruptcy Court confirming the Plan.

**1.14     Creditor:**  all creditors of the Debtor holding claims for debts, liabilities, demands or claims of any character whatsoever, as defined in §101(4) of the Bankruptcy Code.

**1.15     Debtor:** Russell W. French.

**1.16     Disclosure Statement:**  the Debtor's Disclosure Statement as presently filed or amended, including all exhibits attached thereto, prepared pursuant to Sections 1125 of the Bankruptcy Code for the Solicitation of Ballots, and all supplements and amendments

thereto.

     **1.17**    **Disputed Claim:** a Claim, including an Administrative Expense, against the Debtor (a) as to which an objection has been filed on or before the deadline for objecting to a Claim by the Debtor or any party in interest and which objection has not been withdrawn or resolved by entry of a Final Order, or (b) which is listed as contingent, unliquidated or disputed in the Debtor's Schedules.

     **1.18**    **Effective Date:** the sixtieth day following the date the Confirming Order has been entered if the Confirmation Order has not been stayed on appeal. If the Confirmation Order is stayed on appeal, the Effective Date shall be 60 days after such stay is dissolved by Final Order.

     **1.19**    **Estate:** the estate created by Section 541 of the Bankruptcy Code upon the commencement of this case under Chapter 11 of the Bankruptcy Code with respect to the Debtor.

     **1.20**    **Filed:** filed with the Clerk of the Bankruptcy Court.

     **1.21**    **Final Decree:** shall mean the order of the Court entered after all payments and distributions of monies called for under the Plan have been made (i) discharging the Debtor, (ii) making provision by way of injunction or otherwise as may be equitable, and (iii) closing the bankruptcy case.

     **1.22**    **Final Order:** shall mean an order of the Bankruptcy Court which has not been reversed, modified or amended and not being stayed, and the time to appeal from which or to seek review or rehearing of which having expired, has become conclusive of all matters adjudicated thereby and is in full force and effect.

     **1.23**    **Insider:** As defined under the Bankruptcy Code definition found at 11 U.S.C. §101(31), "insider" shall include the following: (i) director of the debtor; (ii) officer of the debtor; (iii) person in control of the debtor; (iv) partnership in which the debtor is a general partner; (v) general partner of the debtor; (vi) relative of a general partner, director, officer, or person in control of the debtor; (vii) affiliate, or insider of an affiliate as if such affiliate were the debtor; and (viii) managing agent of the debtor. Russell W. French, Scott Morton, Mary Morton, Amex Insulation Co., Inc., and French & Morton, L.L.C. are all insiders as defined under the Bankruptcy Code.

     **1.24**    **Interest Holder:** means the holder of an equity interest in the Debtor.

     **1.25**    **Net Proceeds.** means the amount remaining from the sale of the Debtor's interest in Woodcreek Center and the amount remaining from the sale of the Debtor's rental

property, located at 9617 E. Andricks Rd., La Porte, Texas.  The Net Proceeds shall not be less than $160,000.00.

**1.25   Petition Date:**  means the date on which the Debtor filed its Petition for relief under Chapter 11 of the Bankruptcy Code.

**1.26   Plan:**  means this Plan of Liquidation in its present form or as it may be amended, modified or supplemented.

**1.27   Priority Claim:**  means an Allowed Claim for which a Claimant asserts and is determined to be entitled to priority under Section 507(a)(1-7) of the Bankruptcy Code.

**1.28   Priority Tax Claim :**  means an Allowed Claim for which a Claimant asserts and is determined to be entitled to priority under Section 507(a)(8) of the Bankruptcy Code.

**1.29   Pro-Rata Share**: shall mean the amount which is the result of multiplying the monies available for distribution to a named class of creditors by that fraction in which the numerator is the allowed amount of a particular claim in the named class and the denominator is the total of the amounts of all the claims in the named class.

**1.30   Unsecured Claim**:  means an Allowed Claim for which a Claimant asserts and is determined by Final Order **not to** hold a valid, perfected and enforceable lien, security interest or other interest in or encumbrance against property of the Debtor or right to setoff to secure the payment of such claim.

**1.31   Unsecured Creditor**:  shall mean the holder of an unsecured claim.

## II.
## CLASSIFICATION OF CLAIMS AND INTERESTS

All Claims and interests against the Debtor of whatever nature, whether or not scheduled, liquidated or unliquidated, absolute or contingent, including all Claims arising from transactions of the Debtor or rejection of executory contracts and/or unexpired leases and all interests arising from the ownership of the Debtor, whether resulting in an Allowed Claim or not, shall be bound by the provisions of this Plan.  The Claims and interests are hereby classified as follows:

**2.01   Class 1 -**   Fees of the United States Trustee;

**2.02   Class 2 -**   Allowed Administrative Claims or Expenses;

**2.03   Class 3 -**   Allowed Secured Claims;

  **2.04** **Class 4 -**  Allowed Unsecured Priority Claims;

  **2.05** **Class 5 -**  Allowed Claims of the General Unsecured Claimants Which are Not Disputed and Not Held by Insiders;

  **2.06** **Class 6 -**  Disputed Claims

### III.
### Specification of All Claims Impaired and Not Impaired Under the Plan

Classes 1 through 4 under the Plan are unimpaired. The remaining Classes are impaired.

### IV.
### Specific Treatment of Claims

**Class 1 - The United States Trustee.** Class 1 is unimpaired. Class 1 are Claims entitled to priority by Section 507(a)(1) of the Bankruptcy Code. All claims in this class shall be paid in cash and in full when such claims are allowed and approved by final order of the Bankruptcy Court. The Debtor shall be responsible for timely payment of fees incurred pursuant to 28 U.S.C. §1030(a)(6). After confirmation, the Debtor shall file with the Court and serve on the U.S. Trustee a monthly financial report for each month (or portion thereof) the case remains open in a format prescribed by the United States Trustee and provided to the Debtor by the United States Trustee.

**Class 2 - Administrative Expenses.** Class 2 is unimpaired. Class 2 is comprised of Allowed Claims entitled to priority by Section 507(a)(1) of the Bankruptcy Code and will consist of fees for services rendered and expenses incurred by the Court appointed Counsel and other professional persons for the Debtor prior to the Effective Date of the Plan, as the same are finally approved and allowed by Final Order of the Court, and any other expenses incurred during the course of the Chapter 11 proceeding that have not yet been paid and may be approved by the Court. The members of this Class includes Isgitt & Associates, P.C., Counsel for the Debtor and Ken Weeks, CPA of Weeks, P.C.

  All Allowed Claims in this Class shall be paid in cash and in full on the Effective Date or the date that such Allowed Claims are finally approved by the Court, whichever is later. The fees for Isgitt & Associates, P.C., are estimated to total $15,000.00. The fees for Ken Weeks, CPA, are estimated to be $6,000.00.

**Class 3 - Allowed Secured Claims.** Class 3 is unimpaired and consists of the allowed secured claims of American Honda, Citi Auto Financial, Ford Motor Credit, the Matagorda County Tax Assessor, Wells Fargo (for Gallery Furniture) and National City Mortgage. The

secured claimants shall be paid from the Debtor's wages earned through employment, in accordance with the terms of their respective loan documents, and applicable state law. The secured claimants shall retain their pre-petition liens in and to the various assets of the Debtor and his estate.

**Class 4 - Allowed Unsecured Priority Claims.**  Class 4 is unimpaired and consists of the allowed unsecured priority claim of the Internal Revenue Service in the amount of $9,197.35. The Class 4 claimant shall be paid in full on or before sixty days following the Effective Date.

**Class 5  - Allowed Claims of the General Unsecured Claimants Which are Not Disputed and Not Held by Insiders.**  Class 5 is impaired and consists of the Unsecured Claims, which are not disputed and are not Insiders.  A fund of $75,000.00 shall be set aside from the Net Proceeds for an initial distribution to the Class 5 Claimants.  The Class 5 Claims shall be paid their pro-rata share of the $75,000.00 fund on or before sixty days following the effective date.  The funds remaining from the Net Proceeds following payment of Classes 1 through 4, shall be distributed pro-rata to the Class 5 Claimants at such time as all Class 6 disputed claims are resolved and reclassified as Class 5 Claims.

**Class 6 - Disputed Claims**.  Class 6 is impaired and consists of claims which are disputed. Upon resolution of each Class 6 Claim, such claim, if any, shall be reclassified as a Class 5 Claim and treated accordingly.  Class 6 Claims which are not resolved prior to the initial distribution from the $75,000.00 fund to the Class 5 Claimants shall not participate in such distribution.

### V.
### Acceptance or Rejection of the Plan

     **5.01**    **Voting.**  All Class 5 and Class 6 Creditors are impaired under the Plan and are entitled to vote to accept or reject the Plan.  Classes 1 through 4 are unimpaired, and deemed automatically to accept the Plan.

     **5.02**    **Error in Classification.**  In the event that it shall be determined that this Plan has made any error in placing a particular creditor or group of creditors in one class rather than another, then that shall not prevent the Debtor from seeking confirmation of the Plan with the membership of the Classes realigned as determined to be proper by the Court.

     **5.03**    **Cram-down.**  The Debtor as Plan Proponent reserves its right to request confirmation pursuant to Section 1129(b) of the Bankruptcy Code with respect to any Class not accepting the Plan.

## VI.
## Modification of Plan

**6.01  Pre-Confirmation.**  The Debtor may propose amendments or modification of this Plan at any time prior to the Confirmation Date, with leave of the Court upon appropriate notice.

**6.02  Post-Confirmation.**  After the Confirmation Date, the Debtor may, with approval of the Court, modify the Plan as to any Class, even though such modification materially affects the rights of the Creditors or Interest Holders in such class; provided, however, that any material modifications must be accepted as to Classes of impaired Creditors by at least sixty-six and two thirds percent (66 2/3%) in the amount of Allowed Claims voting in each such Class and provided further that additional disclosure material needed to support such material modifications (i) shall be approved by the Court in the manner consistent with Section 1125 of the Bankruptcy Code and Rule 3017 of the Rules of Bankruptcy Procedure or (ii) shall previously have been held to be unnecessary and dispensed with by order of the Court.  After the confirmation Date, the Debtor may remedy a default or omission, or reconcile any inconsistencies in the Plan, or in the Confirmation Order in a manner consistent with the intentions of the Plan, with approval of the Court with or without notice and a hearing, provided that the remedy does not materially affect the interest of the Creditors or the Interest Holders.

## VII.
## Jurisdiction of the Court

**Continuing Jurisdiction.**  Except as otherwise provided herein, the Court shall retain and have exclusive jurisdiction over the Reorganization Case for the following purposes:

(i) To determine any and all objections to the allowance of Claims or Interests except as otherwise provided herein;

(ii) To determine the Allowed Amount of any Claim for the purpose of payment or other treatment under the Plan;

(iii) To determine any and all applications for allowances of compensation and reimbursement of expenses and any other fees and expenses authorized to be paid or reimbursed under the Bankruptcy Code, contracts with secured Creditors of the Plan;

(iv) To determine any application or motions for the rejection, assumption, or assumption and assignment of any executory contract and to hear and determine, and if need be, to liquidate any and all Claims arising therefrom;

(v) To determine any and all applications, adversary proceedings, and contested matters that may be pending when the Confirmation Order becomes a Final Order;

(vi) To consider any modification of this Plan, remedy any defect or omission or reconcile any inconsistency in any order of the Court, to the extent authorized by the Court.

(vii) To determine all controversies, sutis and disputes that may arise in connection with the interpretation, enforcement, or consummation of the Plan or that may involve or affect the value of assets of the Debtor administered by the Plan;

(viii) To consider and act on the compromise and settlement of any claim against or cause of action by or against the Debtor or any other matter arising under or in connection with the Plan, if requested by the Debtor;

(ix) To issue such orders in aid of execution of the Plan to the extent authorized by Section 1142 of the Bankruptcy Code; and

(x) To determine such other matters as may be set forth in any order or orders confirming the Plan or which may arise in connection with the Plan.

## VIII.
## Reservation of Rights

Neither the filing of the Plan, nor any statement or provision contained herein, nor the taking by the Debtor or any creditor of any action with respect to the Plan shall (i) be or be deemed to be an admission against interest and (ii) until the effective date, be deemed to be a waiver of any rights which the Debtor might have against a creditor, and until the effective date all such rights are expressly and specifically reserved.  In the event that the effective date does not occur, neither the Plan nor any statement contained therein may be used or relied upon in any manner in any suit, action, proceeding or controversy within or outside of the reorganization.

## IX.
## Rejection of Executory Contracts

**9.01   Contracts Rejected if Not Assumed**. Except as otherwise provided in this Plan, all executory contracts or unexpired leases to which the Debtor was a party on the Filing Date shall be deemed rejected as of the Effective Date, unless the Debtor shall file a motion for leave to assume a particular executory contract on or before the entry of an order approving the Disclosure Statement for this Plan or such later time set by the Court at the request of the Debtor.

**9.02   Claims for Rejection.**  Any Allowed Unsecured Claim arising from the Debtor's rejection of any executory contract or lease must be filed within thirty (30) days of the entry of order rejecting the contract or lease, or the Effective Date, whichever is later.

## X.
## Effect of Confirmation and Default Provision

Upon the date of the final order confirming the Plan:

(A) The provisions of the Plan shall bind the Debtor and any creditor whether or not they have accepted the plan;

(B) On the Effective Date, subject to any court authorized sale of assets of the estate pursuant to 11 U.S.C. § 363, title to all assets and properties dealt with by this Plan shall vest in the Debtor, free and clear of all claims and interests other than any contractual secured claims granted under any lending agreement and pursuant to the Plan, on the condition that the Debtor shall comply with the terms of the Plan, including the making of all payments to creditors provided for in such Plan.  If the Debtor defaults in performing under the provisions of this Plan and this case is converted to a case under chapter 7 prior to substantial consummation, all property vested in the Debtor and all substantially acquired property owned as of or after the conversion date shall re-vest and constitute property of the bankruptcy estate in the converted case.

## XI.
## Dates For Filing Proofs of Claim

The Debtor has filed as a part of their schedules a list of all creditors, setting forth the identity of each such creditor and an indication of the amount due each such creditor. Unless a claim is listed as disputed, contingent or unliquidated, each creditor's claim will be allowed in the amount and status stated on the schedules in absence of filing of a proof of claim in a different amount or status on or before the expiration of 90 days from the date first set for meeting of creditors.  Claims listed as disputed, contingent, or unliquidated will not be allowed unless a proof of claim with all supporting documents is filed prior to the expiration of 90 days from the first meeting of creditors.  In the event a creditor has filed a proof of claim in these proceedings with which the Debtor disagrees, the Debtor shall file an objection to said claim as designated in the Post Confirmation Certificate.

Any proof of claim which is not timely filed shall be of **no** force and effect.  No distribution will be made to any creditor that has not timely complied with this provision.

## XII.
## Transfer of Claims

In the event that any creditor shall transfer its claim, it shall do so only in compliance with Bankruptcy Rule 3001, and it shall promptly notify the Debtor in writing of such transfer. The Debtor shall be entitled to assume that no such transfer of any claim has been made by any creditor until after compliance and receipt of notice. Each transferee of any claim shall take the claim subject to the provisions of the plan and to any request made, waiver or consent given, or other action taken under the Plan; and except as expressly otherwise provided in the notice. The Debtor shall be entitled to assume conclusively that the transferee named in the notice shall thereafter be vested with all rights and powers under the Plan of the transferor with respect thereto.

## XIII.
## Specific Considerations in Voting

All of the foregoing give rise in the instant case to the following implications and risks concerning the Plan.

(A) While the Plan provides for certain payments at confirmation, such payments will only apply to allowed claims including claims arising from defaults. Under the Bankruptcy Code a claim may not be paid until it is allowed. A claim will be allowed in the absence of objection.

(B) A claim, including a claim arising from default, which has been objected to, will be heard by the Court at a regular evidentiary hearing and allowed in full or disallowed in full or in part. While the Debtor bears the principal responsibility for claim objections, any interested party may file claim objection. Accordingly, payment on some claims, including claims arising from defaults, may be delayed until objections to those claims are ultimately settled.

## XIV.
## Miscellaneous Provisions

**14.01** All claims and causes of action in favor of the Debtor are hereby reserved to be prosecuted after confirmation.

**14.02** Whenever the word "confirmation" is used in this Plan, it is intended to mean that date upon which the order confirming this Plan as entered by this Court becomes final and unappealable.

**14.03** Upon confirmation, title to the remaining property of the Debtor, if any, will

re-vest in the Debtor, and the jurisdiction of the Court will cease, except as provided herein above.

**14.04**   Notwithstanding anything contained hereinabove, the Debtor reserves the right to object to and/or defend against any and all claims filed in this case.

**14.05**   The headings in the Plan are for convenience of reference only and shall not limit or otherwise affect the meanings hereof.

**14.06**   All notices required or permitted to be made in accordance with the Plan shall be in writing and shall be delivered personally or mailed by registered or certified mail, return receipt requested:

> If to Debtor at:    c/o C. Zan Turcotte, Attorney at Law
> Isgitt & Associates, P.C.
> 3303 Louisiana, Ste. 200
> Houston, TX 77006
>
> If to a holder of
> Allowed Claim:    At the address set forth in its Proof of Claim of Proof of Interest or Notice of Appearance filed with the Bankruptcy Court or, if no such pleading is filed, then at its address as set forth in the schedule prepared by the Debtor and filed with the Court pursuant to Rule 1007(b).

Notice shall be deemed given when received.  Any person may change the address at which it is to receive notices under the Plan by sending written notice pursuant to the provisions of this section to the Person to be charged with the knowledge of such change.

## XV.
## Interim Operation

From and after the filing of this Plan and until such time as the order confirming this Plan has become final, this Plan has failed and another plan is proposed and acted upon, or an appeal has been filed and disposed of, or an order of adjudication of bankruptcy is entered, the Debtor shall continue in its current status, and its business shall be operated on the terms and conditions heretofore authorized by orders of the Bankruptcy Court.  When the order of confirmation approving and confirming the Plan has become final and non-appealable, the rights and duties of the Debtor as Debtor-in-Possession appointed pursuant to order of the Bankruptcy Court shall terminate, provided that the Debtor will perform all acts and execute any and all documents, instruments, and agreements which it is required to execute to consummate and carry out this Plan.

The Debtor also proposes that all debts incurred after the filing of the petition initiating this proceeding and during the pendency of this proceeding, will be or shall have been paid in full and if not paid shall be entitled to payment under Class 2 hereunder.

The stay of actions and lien enforcement and all other matters provided for by Bankruptcy Code §362 shall remain effective and in full force until consummation of this Plan.

DATED: this 6th day of November, 2006.

Respectfully submitted,

/s/ Russell W. French
Russell W. French, Debtor

ISGITT & ASSOCIATES, P.C.

By:     /s/ C. Zan Turcotte
Percy L. "Wayne" Isgitt
TSB No. 10433000
C. Zan Turcotte
TSB No. 24028084
3303 Louisiana, Ste. 200
Houston, TX 77006
Telephone: (713) 572-7678
Facsimile: (713) 572-6585
**ATTORNEYS FOR DEBTOR**